UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JORDAN SOPLOPUCO and JOSE RIVERA VIEDA,   Case No. 24-cv-04306

               Plaintiffs,   **COMPLAINT**

    -against-

JLM DECORATING, INC., JLM DECORATING
NYC INC, COSMOPOLITAN INTERIOR NY
CORPORATION, MOSHE GOLD, and SAM GOLD,

              Defendants.
----------------------------------------------------------------X

Plaintiffs Jordan Soplopuco ("Soplopuco") and Jose Rivera Vieda ("Vieda") (collectively, "Plaintiffs"), by and through their attorneys, Rapaport Law firm, PLLC, allege against defendants JLM DECORATING, INC. ("JLM Decorating"), JLM DECORATING NYC INC ("JLM NYC"), COSMOPOLITAN INTERIOR NY CORPORATION ("Cosmopolitan"), MOSHE GOLD, and SAM GOLD (collectively, "Defendants"), as follows:

## NATURE OF ACTION, JURISDICTION, AND VENUE

**Nature of this Action.**

1. This is a civil action for damages and equitable relief based upon Defendants' violations of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207, *et seq.* ("FLSA"); (ii) the overtime provisions of the New York Labor Law § 650 *et seq.* ("NYLL"); N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that upon hiring, employers furnish their employees with a wage notice containing specific categories of information, NYLL § 195(1)(a); and (iv) the NYLL's requirement that employers provide to their employees on each pay day wage statements containing specific information, NYLL § 195(3).

2. As described below, Plaintiffs were employed by Defendants, a Manhattan-based commercial painting, plastering and renovation business.

3. The individual defendants, Moshe Gold and Sam Gold (collectively, the "Individual Defendants,") own, control and operate the corporate defendants, JLM NYC, JLM Decorating, and Cosmopolitan (collectively, the "Corporate Defendants") as a single enterprise.

4. The Corporate Defendants are alter egos of each other and of the Individual Defendants, all, upon information and belief, sharing the same ownership, personnel, offices, clients, and business operations.

5. Throughout Plaintiffs' employment with Defendants, Defendants routinely required Plaintiffs to work beyond forty hours per week without paying Plaintiffs overtime compensation at the rate of one and one half times their regular rates of pay for their hours of work above forty per week.

6. Defendants have continued their practice of willfully and systematically flouting the overtime requirements of the FLSA and NYLL, despite having been subjected to two prior overtime lawsuits, the first having been filed in 2018, and the second in 2020. Quite simply, Defendants made a calculated decision to unlawfully reap profits by exploiting Plaintiffs and other workers.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

**Jurisdiction.**

8. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

9. This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules § 301 in that, *inter alia*, Defendants reside and/or transact business within the State of New York, employed Plaintiffs within the State of New York, and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the laws of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

**Venue.**

10. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, Defendants conduct business through their employees, including Plaintiffs, within this judicial district, and the defendant construction enterprise (hereinafter the "JLM Enterprise" or "Defendants") has its principal place of business in this judicial district, namely at 111 John Street, Suite 1510, New York, New York 10038.

### THE PARTIES

11. Soplopuco is an adult, natural person who resides in the City of New York, County of Queens and State of New York.

12. Vieda is an adult, natural person who resides in the City of New York, County of Queens and State of New York.

13. At all relevant times, Plaintiffs worked for Defendants in New York, and they were employees of Defendants entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

14. At all relevant times herein, JLM Decorating was and is a domestic corporation with its principal place of business located at 111 John Street, Suite 1510, New York, New York 10038.

15. At all relevant times herein, JLM NYC was and is a New York corporation with its principal place of business located at 111 John Street, Suite 1510, New York, New York 10038.

16. At all relevant times herein, Cosmopolitan was and is a New York corporation with its principal place of business located at 111 John Street, Suite 1510, New York, New York 10038.

17. At all relevant times, JLM Decorating, JLM NYC, Cosmopolitan and the Individual Defendants functioned as a unified construction enterprise providing commercial painting, drywall, and other construction services in New York State.

18. At all relevant times, the Corporate Defendants had common owners, officers, directors, and managers; they functioned interchangeably; and they were controlled by Moshe Gold and Sam Gold.

19. At all relevant times, all of the Defendants jointly operated as one business utilizing the same employees, offices, management, and equipment, all toward a common business purpose.

20. At all relevant times, Defendants jointly employed Plaintiffs or, in the alternative, constituted a single employer of Plaintiffs within the meaning of the FLSA and NYLL.

21. Moshe Gold is an adult natural person residing in the State of New York.

22. Upon information and belief, Moshe Gold resides at 26 Heyward Street, Apartment 5L, Brooklyn, New York 11249.

23. Based on a review of public records, including records filed in state court proceedings, Plaintiffs are informed and believe that at all relevant times, Moshe Gold was, and still is, the chief executive officer, director, owner, shareholder and/or person in control of the Corporate Defendants who exercises significant control over the JLM Enterprise's operations.

4

24. At all relevant times, Moshe Gold had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine rates and methods of pay; and maintain employment records for the Corporate Defendants.

25. Sam Gold is an adult natural person residing in the State of New York.

26. Upon information and belief, Sam Gold was, and still is, an officer, director, owner, shareholder and/or person in control of the Corporate Defendants who exercises significant control over the JLM Enterprise's operations.

27. At all relevant times, Sam Gold had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rates and methods of pay for employees, and maintain employment records for the Corporate Defendants.

28. Upon information and belief, Sam Gold was, and is, responsible for maintaining the Corporate Defendants' financial records, including payroll records.

29. Upon information and belief, Sam Gold's role within the JLM Enterprise was, *inter alia*, to "oversee operations."

30. Throughout their employment, Plaintiffs' terms of employment were jointly determined by the Individual Defendants.

31. Decisions regarding personnel, including decisions relating to hiring, disciplining, firing, scheduling, and rates of pay for employees of the JLM Enterprise, including Plaintiffs, were made by the Individual Defendants.

32. At all relevant times herein, Defendants operated as a single enterprise, in that: (i) the Individual Defendants, Moshe Gold and Sam Gold, jointly ran and oversaw the enterprise; (ii) the Corporate Defendants, at the Individual Defendants' express direction, interchangeably shared offices, employees, equipment, and clients; (iii) the Corporate Defendants are inextricably intertwined financially; and (iv) Defendants paid their employees

by the same method, shared control over the employees, and are themselves under common management, ownership, and control.

33. Upon information and belief, Defendants operate the JLM Enterprise through interchangeable corporate entities and trade names, including JLM Decorating, JLM NYC, and, previously, Cosmopolitan.

34. Upon information and belief, Defendants interchangeably use the foregoing trade names and entities, which exist as mere alter egos of the Individual Defendants, who operate the JLM Enterprise without regard for corporate formalities.

35. At all relevant times herein, all Defendants were "employers" within the meaning of the FLSA and the NYLL. During those times, Defendants had annual gross revenues in excess of $500,000.00. Defendants were and are engaged in interstate commerce within the meaning of the FLSA as they employed, and continue to employee, dozens of employees to perform work, bought supplies, materials and equipment, such as paint, paintbrushes, scaffolds and ladders from vendors located in states other than New York,

36. At all relevant times, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

*Soplopuco*

37. Soplopuco was employed by Defendants as a painter from approximately 2018 through in or about February 2024. During his employment, Soplopuco performed painting and plastering work at commercial projects located throughout New York City.

38. Initially, Soplopuco was paid an hourly wage of $23.00 per hour. In or about 2020, Soplopuco's hourly wage was increased to $25.00 per hour. He was never paid premium overtime wages of one and one-half times his foregoing, regular rates of pay, even though he regularly worked substantially more than forty (40) hours per workweek.

6

39. Solely by way of example, during a single workweek in or about the first week of December, 2022, Defendants required Soplopuco to work, and Soplopuco did in fact work, fifty-two (52) hours as follows: Monday, Tuesday and Wednesday 7:00 a.m. to 3:30 p.m.; Thursday and Friday, 7:00 a.m. to 5:30 p.m.; and Saturday 7:00 a.m. to 3:30 p.m. Despite having worked twelve (12) overtime hours during the foregoing workweek, Soplopuco was paid his regular hourly wage of $25.00 for all of the hours he worked.

40. During the workweek ending on or about July 2, 2022, Soplopuco worked fifty-one (51) hours. Soplopuco was paid his regular hourly rate of $25.00 per hour for all of the hours worked during the foregoing workweek.

41. In 2022, for a continuous period of approximately six (6) months, Soplopuco worked 8 hours per day six days per week (Monday through Saturday) for a weekly schedule totaling approximately forty-eight (48) hours. On several occasions during the foregoing period, Soplopuco was also required to work on Sundays. During each of the foregoing seven-day workweeks, Soplopuco worked a total of approximately fifty-six (56) hours. Yet, Defendants did not pay Soplopuco the legally required rate of one and one-half times his regular rate of pay for any of the hours worked during the foregoing period.

42. During the weekly pay period beginning March 13, 2022 through March 19, 2022, Soplopuco worked all seven (7) days, to wit: Sunday through Saturday, from 7:00 a.m. to 3:30 p.m. each day. Despite having required Soplopuco to work fifty-six (56) hours during the foregoing workweek, Defendants failed to pay Soplopuco one and one-half times his regular hourly rate of pay) during that week for any of the hours Soplopuco worked.

*Vieda*

43. Vieda was continuously employed by Defendants as a painter from approximately May 2021 until in or about the end of June 2022.

44. Vieda's job duties included painting and plastering at commercial projects located in New York City.

45. Throughout his employment, Vieda was compensated at a fixed hourly rate (initially $23.00, which was later increased to $25.00), including for hours worked above forty (40) per week.

46. Throughout his employment, Vieda regularly worked substantially more than forty (40) hours per workweek.

47. Solely by way of example, during a four-month period beginning in or about February 2022, Vieda worked seven (7) days per week, as follows: from approximately 7:00 a.m. to 5:30 p.m. on weekdays; and from 7:00 a.m. to 3:30 p.m. each Saturday and Sunday, for a workweek consisting of 69.5 hours of work. However, Defendants failed and refused to pay Vieda premium overtime pay of one and one-half times his regular hourly rate of pay ($25.00) for any of the hours Vieda worked during the foregoing period.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Overtime Violations under the FLSA)

48. Plaintiffs repeat and reallege all prior allegations set forth above with the same force and effect as if more fully set forth herein.

49. Pursuant to the applicable provisions of the FLSA, Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

50. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

51. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay for all hours worked in excess of forty (40) in a week.

52. As a result of Defendants' willful failure to pay Plaintiffs required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

53. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages complied with the law, Plaintiffs are entitled to liquidated (double) damages equal to one-hundred percent (100%) of their unpaid wages.

54. Judgment should be entered in favor of Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Overtime Violations under the NYLL and the NYCRR)**

55. Plaintiffs repeat and reallege all prior allegations set forth above.

56. Pursuant to the applicable provision of the NYLL, Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

57. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

58. Throughout the relevant time periods, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a week.

59. As a result of Defendants' failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

60. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

61. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of their unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
### NYLL Wage Theft Protection Act – Failure to Provide Wage Statements
### Violation of NYLL § 195(3)

62. Plaintiffs repeat and reallege all prior allegations set forth above.

63. The NYLL and Wage Theft Protection Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

64. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs, with each wage payment, a statement accurately listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

65. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00, along with all reasonable attorneys' fees and costs.

66. Judgment should be entered in favor of Plaintiffs and against Defendants on the Third Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
### NYLL Wage Theft Protection Act (WTPA) – Failure to Provide Wage Notices
### Violation of NYLL § 195(1); Statutory Damages NYLL § 198

67. Plaintiffs repeat and reallege all prior allegations set forth above.

10

68. The NYLL and WTPA, as well as the NYLL's wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

69. Defendants failed to furnish to Plaintiffs, at the time of hire or at any time thereafter, notices containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

70. As Defendants failed to provide Plaintiffs with payroll notices as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

71. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs respectfully request that the Court grant the following relief:

1. That the Court declare, adjudge, and decree that Defendants willfully violated the overtime wage requirements of the FLSA;

2. That the Court declare, adjudge, and decree that Defendants willfully violated the overtime wage requirements of the NYLL;

3. That the Court declare, adjudge and decree that the Plaintiffs were, at all times relevant hereto, entitled to be paid overtime wages and that the amounts to which Plaintiffs are entitled is to be doubled as liquidated damages and awarded thereto;

4. That the Court make an award to the Plaintiffs of damages and/or restitution for the amount of unpaid overtime wages, including interest thereon, and statutory penalties in an amount to be proven at trial;

5. An award of statutory damages for Defendants' failure to provide Plaintiffs with accurate wage statements pursuant to NYLL § 198(1-d) and proper wage notices pursuant to NYLL § 198 (1-b);

6. For all other orders and findings identified and sought in this Complaint;

7. For prejudgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

8. For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), NYLL and as otherwise provided by law; and

9. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:  New York, New York  
       June 5, 2024

Respectfully submitted,  
RAPAPORT LAW FIRM, PLLC

By: /s/ Marc A. Rapaport  
Marc A. Rapaport  
80 Eighth Avenue, Suite 206  
New York, New York 10011  
Ph: (212) 382-1600

*Attorneys for Plaintiffs*

### NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABLITY FOR SERVICES RENDERED

**TO: MOSHE GOLD**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JORDAN SOPLOPUCO,, intends to charge you and hold you personally liable as one of the ten largest shareholders of, JLM DECORATING, INC., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated:　New York, New York
　　　　　June 5, 2024

　　　　　　　　　　　　　　　　　　　　　　　RAPAPORT LAW FIRM, PLLC

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Marc A. Rapaport
　　　　　　　　　　　　　　　　　　　　　　　80 Eighth Avenue, Suite 206
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10011
　　　　　　　　　　　　　　　　　　　　　　　Ph: (212) 382-1600
　　　　　　　　　　　　　　　　　　　　　　　mrapaport@rapaportlaw.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABLITY FOR SERVICES RENDERED

**TO: MOSHE GOLD**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JORDAN SOPLOPUCO, intends to charge you and hold you personally liable as one of the ten largest shareholders of, JLM DECORATING NYC, INC., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
       June 5, 2024

                                              RAPAPORT LAW FIRM, PLLC

                                                           /s/

                                              _____
                                              Marc A. Rapaport
                                              80 Eighth Avenue, Suite 206
                                              New York, New York 10011
                                              Ph: (212) 382-1600
                                              mrapaport@rapaportlaw.com

                                              *Attorneys for Plaintiffs*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABLITY FOR SERVICES RENDERED

**TO: MOSHE GOLD**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JORDAN SOPLOPUCO, intends to charge you and hold you personally liable as one of the ten largest shareholders of, COSMOPOLITAN INTERIOR NY CORPORATION, for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
June 5, 2024

RAPAPORT LAW FIRM, PLLC

/s/
_____
Marc A. Rapaport
80 Eighth Avenue, Suite 206
New York, New York 10011
Ph: (212) 382-1600
mrapaport@rapaportlaw.com

*Attorneys for Plaintiffs*

15

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABLITY FOR SERVICES RENDERED

**TO: SAM GOLD**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JORDAN SOPLOPUCO,, intends to charge you and hold you personally liable as one of the ten largest shareholders of, JLM DECORATING, INC., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
June 5, 2024

RAPAPORT LAW FIRM, PLLC

/s/
_____
Marc A. Rapaport
80 Eighth Avenue, Suite 206
New York, New York 10011
Ph: (212) 382-1600
mrapaport@rapaportlaw.com

*Attorneys for Plaintiffs*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABLITY FOR SERVICES RENDERED

**TO: SAM GOLD**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JORDAN SOPLOPUCO, intends to charge you and hold you personally liable as one of the ten largest shareholders of, JLM DECORATING NYC, INC., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
June 5, 2024

RAPAPORT LAW FIRM, PLLC

/s/
_____
Marc A. Rapaport
80 Eighth Avenue, Suite 206
New York, New York 10011
Ph: (212) 382-1600
mrapaport@rapaportlaw.com

*Attorneys for Plaintiffs*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABLITY FOR SERVICES RENDERED

**TO: SAM GOLD**

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JORDAN SOPLOPUCO, intends to charge you and hold you personally liable as one of the ten largest shareholders of, COSMOPOLITAN INTERIOR NY CORPORATION, for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
June 5, 2024

RAPAPORT LAW FIRM, PLLC

/s/
_____
Marc A. Rapaport
80 Eighth Avenue, Suite 206
New York, New York 10011
Ph: (212) 382-1600
mrapaport@rapaportlaw.com

*Attorneys for Plaintiffs*